Dolores Araujo de Salgado, Petitioner, *v.* Tax Court of Puerto Rico, Respondent; Rafael Buscaglia, Treasurer of Puerto Rico, Intervener.

No. 162. Argued November 3, 1947.—Decided December 9, 1947.

822

*Félix Ochoteco, Jr.*, and *Luis E. Dubón* for petitioner. *Luis Negrón Fernández, Attorney General*, and *J. Rivera Barreras, Assistant Attorney General*, for intervener, respondent in the main proceeding.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The petitioner, the sole and universal heir of her deceased daughter, filed with the Treasurer of Puerto Rico the notification of death required by law for the computation and liquidation of the inheritance tax. On December 13, 1945, the Treasurer notified her that the tax assessed amounted to $5,853.18, sending her at the same time a list of the properties left by the decedent and the valuation thereof. On December 31, 1945, the taxpayer challenged the liquidation which had been notified to her by the Treasurer, as there had been committed an error in the addition. After the error had been admitted and corrected, on January 14, 1946, the Treasurer set aside the original assessment and sent to the taxpayer a new notification with instructions to abide by its contents. On January 18, 1946, the taxpayer requested and obtained an administrative hearing, which was held on February 21 and 26, 1946. On August 13, 1946, the Treasurer rendered his decision upholding the assessment. On September 4, 1946, the petitioner paid the sum of $1,904.11, as the part of the tax with which she agreed, and on September 25, 1946, filed a complaint in the Tax Court alleging, in brief, that the Treasurer had assessed the tax on the basis of an appraisal of the estate which amounts to $81,731.85; that instead of taking as a basis for the assessment of the tax the true value of the properties belonging to the estate on the date

of the death of the decedent (July 8, 1945), the Treasurer gave to such properties a valuation that exceeded their true and actual value, which on the above-mentioned date, was $36,516.85; and that, therefore, the taxpayer is not bound to pay the excess which has been unduly demanded by the · Treasurer of Puerto Rico.

On December 20, 1946, the Treasurer moved to dismiss the complaint on the ground that the Tax Court lacked jurisdiction of the case, as the complaint had not been filed within the time prescribed by law. On March 25, 1947, the Tax Court, relying on the holding of this Court in *Del Toro* v. *Tax Court,* 65 P.R.R. 58, decided that it lacked jurisdiction because "although the payment of the part of the tax with which the taxpayer agreed was made on September 5, 1946, the complaint was not filed in the office of the clerk until September 25, 1946, that is, after the lapse of over thirty (30) days from the date of the notification of the administrative decision rendered on the matter by the Treasurer of Puerto Rico." The taxpayer now asks us to set aside that decision and to remand the case to the lower court to be decided on the merits.

It is true that in *Del Toro* v. *Tax Court, supra,* we held that § 7 of the Inheritance Tax Act, as amended by Act No. 20 of 1941—which granted a taxpayer who did not agree with the appraisal or assessment notified by the Treasurer a term of 90 days from the date of such notification to pay that part of the tax with which he agreed; and an additional term of 30 days following the date of said payment to file his appeal to the Tax Court of Puerto Rico—had been repealed, as it was in conflict with § 3 [1] of Act No. 169 of May

---

[1] "Section 3.—The court shall operate with a quasi-judicial character, and shall have power to make the rules which it may deem necessary for regulating its proceedings, which rules, before taking effect, shall be published, for a general information, in two or more of the dailies having the largest circulation in Puerto Rico, and they can be amended only through the same procedure.

"All actions, remedies, or proceedings which must be substantiated before the Tax Court of Puerto Rico shall be instituted by means of a sworn complaint

15, 1943 (Laws of 1943, p. 600), creating the Tax Court of Puerto Rico, approved subsequent to § 7 of the Inheritance Tax Act, in which it is provided that all actions which must be substantiated before the Tax Court of Puerto Rico including the cases of inheritance tax, shall be instituted by means of a sworn complaint of the interested party which shall be filed ''within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico.'' We further held that, there being no conflict between the requirement of § 7 of the Inheritance Tax Act, regarding the payment of the tax not challenged, and the provisions of Act No. 169 of 1943, the payment of that part of the tax with which the petitioner may agree is an essential requisite for the Tax Court to acquire jurisdiction, and that the payment should be made within the term of 30 days which § 3 of said Act grants for the appeal, and the receipt evidencing such payment should accompany the complaint.

██ However, subsequent to our decision of May 28, 1945, in *Del Toro* v. *Tax Court, supra,* the Legislature, evidently realizing that through error or inadvertence the provisions of § 7 of the Inheritance Tax Act had been impliedly repealed, as they were in conflict with those of § 3 of Act No. 169 of 1943, proceeded to pass Act No. 303 of April 12, 1946 (Laws of 1946, p. 782), to take effect immediately after its approval with retroactive effect to March 22, 1946. In accordance with the terms of § 7 of said Act, since March 22, 1946, every person who wished to appeal from the assessment of an inheritance tax should (1) within the 90 days following the date on which the Treasurer notified him of such tax,

of the claimant person or entity, formulated by the claimant or through a duly authorized legal representative, within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico, in any of the following cases: . . . (2) Appraisal made for inheritance tax purposes, and proper liquidation of each heir's share of the inheritance, as well as the amount of the tax payable on each inheritance tax case; . . .''

''Section 3.—All laws, resolutions, or parts thereof in conflict herewith are hereby repealed.'' (Act No. 169 of 1943.)

pay that part with which he agreed and (2) within the 30 days following said payment, file an appeal from that part with which he did not agree, "by means of the complaint provided for in the Act creating said Court of Tax Appeals." That was the law in force on September 4, 1946, when the taxpayer, petitioner herein, paid the part of the tax with which she agreed. The taxpayer had 30 days following that date, September 4, 1946, to file her complaint in the Tax Court; hence, the filing of the complaint on September 25, 1946, was effected within the statutory term.

 On May 14, 1947, there was approved Act No. 432 (Laws of 1947, p. 882), whereby the above-cited § 7 of Act No. 303 of April 12, 1946, was amended so as to read as follows:

"Section 7.—Whenever any person affected by the above-mentioned appraisal or assessment does not agree with any of them, or whenever for any reason he believes that he should not pay, in whole or in part, such inheritance tax based on said appraisal and assessment as he may be notified of by the Treasurer, and he may wish to appeal to the Tax Court of Puerto Rico, he shall, within the thirty (30) days following the date on which the Treasurer notified him of such tax, (1) pay the part of the tax with which he agrees, and (2) file his complaint in the Tax Court of Puerto Rico, accompanying same with the proper interim receipt; *Provided,* That the Tax Court shall not acquire jurisdiction unless (1) the payment of the tax not protested shall have been made within the aforesaid term of thirty (30) days, and (2) the interim receipt for said payment, with a certified copy thereof, is made a part of the complaint. If the decision of the Tax Court, or in case of an appeal therefrom, the decision of the Supreme Court, is against the complainant, said decision shall direct the payment of the protested tax, or such part thereof as in the opinion of the Tax Court, or the Supreme Court should be paid, together with interest at the rate of six (6) per cent per annum from the date of the expiration of the term of one hundred eighty (180) days which the taxpayer had to pay the tax. If, on appeal the decision of the Supreme Court is in favor of the complainant, said decision shall direct the return to the latter of the part of the tax unlawfully collected from him under the decision of

the Tax Court, together with interest at the rate of six (6) per cent per annum on the amount to be returned, computed from the date of payment of the part of the tax that was protested.''

Section 5 of the same Act provides that since this Act is of an urgent and necessary character it shall take effect immediately after its approval ''but an emergency existing therefor, the provisions hereof shall have retroactive effect to March 22, 1946.'' On the basis of the provision regarding the retroactivity of said Act, the Treasurer argues that the taxpayer was bound (1) to make the payment of the part of the tax with which she agreed, within the 30 days following the date on which the Treasurer notified the tax to her; and (2) to file within that same term her complaint in the Tax Court. The contention of the Treasurer is untenable. It should be stated that when the Tax Court rendered its decision of March 2, 1947, disclaiming jurisdiction, on the ground that the complaint had been filed after the lapse of more than 30 days from the date of the notification of the administrative decision of the Treasurer, the Act then in force was No. 303 of April 12, 1946, which granted the taxpayer 90 days to make the payment and 30 days, following the date of such payment, to file the complaint. That Act, which the complainant strictly followed, repealed the prior law and re-established the terms of 90 days to make the payment, and 30 days more to appeal, thereby rendering inapplicable our decision in *Del Toro* v. *Tax Court, supra*. It would be clearly unreasonable, unjust, and arbitrary for us to hold that when the taxpayer appealed to the Tax Court on September 25, 1946, she should have disregarded the Act then in force, Act No. 303 of 1946, which granted 90 days to pay a part of the tax and 30 days following such payment to appeal, and that she should have filed her complaint in accordance with Act No. 433, which was approved on May 14, 1947, or over two months after the rendition by the Tax Court of the decision under review. We can not agree with the Treasurer that the Legislature intended to deprive of the right of appeal

to the Tax Court those taxpayers who had already exercised it under the prior legislation. As we stated in *Central Aguirre* v. *Tax Court,* 64 P.R.R. 257, 263, "we are bound to construe the statute reasonably to avoid as far as possible the raising of serious constitutional questions." The construction of the statute, in the manner contended by the Treasurer, would raise a serious constitutional question. See *Mason* v. *White Star Bus Line, Inc.,* 53 P.R.R. 320.

The decision under review will be set aside and the case remanded to the Tax Court in order that it be decided on the merits.